UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN LOCKE,

    Plaintiff,

v.

OAKLAND COUNTY and
SUNIL ASIJA, Individually and in his
official capacity,

    Defendant.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St. STE 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out of this transaction or occurrence alleged in the Complaint.

### **PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Plaintiff SUSAN LOCKE, by and through her attorneys, HURWITZ LAW PLLC, brings this action against Defendants OAKLAND COUNTY and SUNIL ASIJA, and hereby alleges as follows:

### **INTRODUCTION**

1. Plaintiff Susan Locke ("Plaintiff") brings this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*, and

Michigan's Whistleblower Protection Act ("WPA"), MCL § 15.362, *et seq*., seeking equitable, declaratory, and money damages against Defendants Oakland County and Sunil Asija ("Defendants").

2. Throughout Plaintiff's employment with Oakland County she was subjected to discriminatory conduct because of her age. Her manager insisted that she should let her work get performed by "young ones," before systematically taking responsibilities away from her and giving them to younger employees. When Plaintiff, through her counsel, reported this conduct to Oakland County, a public body, it looked as if her manager would stop engaging in discriminatory conduct. However, Plaintiff found herself quickly the target of retaliation when she suddenly terminated in a purported "restructure" in which only her role was eliminated and nobody else lost a job.

## PARTIES AND JURISDICTION

3. Plaintiff is a resident of White Lake, Oakland County, Michigan.

4. Defendant Oakland County is a governmental body established by the Michigan Legislature and is located in Oakland County.

5. Defendant Sunil Asija is an employee of Oakland County.

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claim.

7. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as it is the district where the Defendants' principal place of business is located and where the events giving rise to Plaintiff's claims took place.

8. Plaintiff filed charges of age discrimination with the Equal Employment Opportunity Commission on February 13, 2025.

## FACTUAL ALLEGATIONS

9. Plaintiff began her employment with Defendant Oakland County in September 2021 as Human Resources Manager.

10. As Human Resources Manager, she works under the management of Director of Human Resources Sunil Asija.

11. Plaintiff is one of the oldest employees on her team.

12. On March 15, 2023, Defendant Asija entered Plaintiff's office and asked her whether she intended to work on-site at an upcoming job fair.

13. Plaintiff stated that she did intend to, and explained that her presence at such job fairs had long been an important responsibility for her role as Human Resources Manager.

14. Defendant Asija told Plaintiff that she should not attend the job fair and instead advised Plaintiff to "let the young ones handle it, you've done your time."

15. In November 2023, Defendant Asija assigned an executive recruitment task to Senior Recruiter Jeff Granat.

3

16. On November 8, 2023, Mr. Granat approached Plaintiff to discuss the nature of the task assigned to him and explained that Defendant Asija had yelled at him and brought Mr. Granat to tears.

17. In response, Plaintiff took it upon herself to take on the executive recruitment task and train Mr. Granat in the process.

18. When Defendant Asija discovered this, he angrily berated Plaintiff and claimed that many of Defendant's employees described Plaintiff as "difficult", including some that Plaintiff had never met or worked with.

19. On January 10 and 11, 2024, Plaintiff attended a hiring event at the Children's Village detention center, a facility operated by Defendant Oakland County.

20. On January 18, 2024, Plaintiff attended a meeting with her team and Defendant Asija to evaluate the event at Children's Village.

21. In front of Plaintiff's team, Defendant Asija expressed anger and disappointment that Plaintiff had attended the event when he had already instructed her to leave such events to the "young ones."

22. Defendant Asija instructed Plaintiff to not attend such public events in the future.

23. On February 7, 2024, Plaintiff met with Defendant Asija.

4

24. Defendant Asija began the meeting by threatening Plaintiff that he would support her so long as she continued to perform correctly, threatening that she could be written up otherwise.

25. Defendant Asija instructed Plaintiff that he did not want her to perform recruiting duties, and instead directed that such duties should be delegated to her younger colleagues.

26. Defendant Asija also instructed Plaintiff to implement a new policy of not asking job applicants for university transcripts until after they had been hired.

27. On February 9, 2024, Defendant Asija sent Plaintiff a private message instructing her to implement this new transcripts policy immediately.

28. On March 28, 2024, Plaintiff was informed by a colleague that Defendant Asija had begun an internal investigation into Plaintiff's implementation of the transcripts policy.

29. This investigation was intended to determine whether Plaintiff had acted insubordinately, clear from the investigation into Plaintiff's staff including questions about Plaintiff's "attitude."

30. Ultimately, the investigation concluded that Plaintiff had acted appropriately and had committed no misconduct.

31. Nevertheless, Defendant Asija subsequently scheduled a performance review for Plaintiff for April 24, 2024.

32. On April 17, 2024, Plaintiff's counsel sent a letter to Defendant Oakland County detailing the above allegations and a theory of liability under the ADEA.

33. After Defendant Oakland County received Plaintiff's counsel's letter, Plaintiff and Defendant Asija came to an arrangement whereby the two would have regularly scheduled meetings and Defendant Asija's discriminatory comments appeared to stop.

34. However, Defendant Asija unexpectedly terminated Plaintiff on February 10, 2025, claiming that Plaintiff's role had been eliminated as a result of restructuring.

35. Prior to complaining about Defendant Asija's discriminatory conduct, Plaintiff had never received any criticisms of her performance and had never received any formal discipline.

36. It appears that no other positions were eliminated, and that the only position eliminated was Plaintiff's.

37. Plaintiff was subjected to age discrimination at Defendant Asija's hands.

38. Plaintiff reported Defendant Asija's discriminatory conduct through her counsel in the April 17, 2024, letter.

39. Defendants terminated Plaintiff in response to that letter.

## COUNT I
## <u>VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT DISCRIMINATION AND RETALIATION</u>

40. Plaintiff incorporates the foregoing paragraphs by reference herein.

41. Pursuant to the Age Discrimination in Employment Act ("ADEA"), Plaintiff is a member of a "protected class" because she was at least 40 years old at the time of her termination.

42. Plaintiff met or exceeded Defendants' legitimate job expectations during her employment.

43. Defendants took one or more adverse actions against Plaintiff because of her age, including subjecting Plaintiff to different and less favorable terms and conditions of employment than employees who were younger, and then terminating Plaintiff without any justification after she had been an exemplary employee for many years.

44. Defendants treated similarly situated younger employees more favorably than they treated Plaintiff.

45. Defendants' discriminatory conduct was intentional.

46. Defendants' conduct was done with malice or reckless indifference to Plaintiff's rights under federal law.

47. On April 17, 2024, Plaintiff's counsel sent a letter to Defendant Oakland County detailing the above allegations and a theory of liability under the ADEA.

48. Plaintiff engaged in protected activity under the ADEA when her counsel submitted the April 17, 2024 letter alleging that Defendant Asija was violating the law by discriminating against her based on her age.

49. Defendants retaliated against Plaintiff because of her protected activity.

50. Plaintiff was damaged by Defendants' discriminatory and retaliatory conduct in violation of the ADEA. Her damages include, but are not limited to, her lost wages, damage to her career, lost benefits, future pecuniary losses, inconvenience, emotional and psychological harm and other harm.

**COUNT II**
**MCL § 15.361, *et seq.***
**RETALIATION IN VIOLATION OF**
**<u>MICHIGAN'S WHISTLEBLOWER PROTECTION ACT</u>**

51. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

52. At all relevant times, Defendant Oakland County was an employer and Plaintiff was an employee covered by and within the meaning of the WPA, MCL § 15.361, *et seq*.

53. Defendant Oakland County is a public body within the meaning of the WPA, MCL § 15.361, *et seq*.

54. MCL § 15.362 protects an employee who "reports or is about to report, verbally or in writing, a violation or a suspected violation of law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body[.]"

55. Plaintiff engaged in protected activity under MCL § 15.362 because she reported to a public body that she suspected that Defendant Asija was violating the law by discriminating against her for reason of her age.

56. Defendants retaliated against Plaintiff because of her protected activity in violation of the WPA by, *inter alia*, terminating her employment.

57. As a direct and proximate cause of Defendants' violation of the WPA, Plaintiff has suffered emotional and physical distress, feelings of depression, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

58. As a further and direct proximate result of Defendants' retaliation, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work in the future.

## COUNT II
## MCL § 15.361, *et seq.*
## DISCRIMINATION AND RETALIATION IN VIOLATION OF
## THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 EQ SEQ.

59. Plaintiff hereby realleges and incorporates by reference all paragraphs above.

60. Defendant Oakland County employed Plaintiff within the meaning of the Elliott-Larsen Civil Rights Act, MCL 37.2010 et seq. ("ELCRA").

61. Defendant Oakland County is an employer within the meaning of the ELCRA.

62. The Elliott-Larsen Civil Rights Act (ELCRA) explicitly prohibits discrimination based on age. M.C.L.A. 37.2201.

63. Under ELCRA, employers are prohibited from discharging or otherwise discriminating against an individual with respect to employment because of age. M.C.L.A. 37.2202.

64. Plaintiff is a member of a "protected class" because she was at least 40 years old at the time of her termination.

65. Plaintiff met or exceeded Defendant Oakland County's legitimate job expectations during her employment.

66. Defendant Oakland County took one or more adverse actions against Plaintiff because of her age, including subjecting Plaintiff to different and less favorable terms and conditions of employment than employees who were younger,

10

and then terminating Plaintiff without any justification after she had been an exemplary employee for many years.

67. Defendant Oakland County treated similarly situated younger employees more favorably than they treated Plaintiff.

68. The discriminatory conduct was intentional.

69. The discriminatory conduct was done with malice or reckless indifference to Plaintiff's rights under federal law.

70. On April 17, 2024, Plaintiff's counsel sent a letter to Defendant Oakland County detailing the above allegations.

71. Plaintiff engaged in protected activity under ELCRA when her counsel submitted the April 17, 2024 letter alleging that Defendant Asija was violating the law by discriminating against her based on her age.

72. Defendants retaliated against Plaintiff because of her protected activity.

73. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff was harmed, and continues to be harmed, in that she has suffered economic and non-economic loss, including but not limited to: lost wages; damages to professional reputation; emotional distress; outrage, humiliation; indignity and disappointment.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Susan Locke requests the following relief from this Honorable Court against Defendants:

a. Declare that the aforementioned practices and actions of Defendant constitute unlawful violations of the ADEA, ELCRA, and the WPA.

b. Award Plaintiff compensatory, economic, and noneconomic damages in whatever amount Plaintiff is found to be entitled, including all lost wages and benefits, past and future, in whatever amount she is found to be entitled;

c. Award Plaintiff compensatory damages for monetary and nonmonetary loss in whatever amount she is found to be entitled;

d. Award Plaintiff exemplary and punitive damages in whatever amount she is found to be entitled;

e. Declaratory Relief;

f. Reinstatement;

g. Award Plaintiff reasonable attorney's fees, costs, and interests; and

h. Award such other relief as this Court deems just and proper.

Respectfully Submitted,

HURWITZ LAW PLLC

 /s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
*Attorneys for Plaintiff*

Dated: May 01, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN LOCKE,

      Plaintiff,

v.

OAKLAND COUNTY and
SUNIL ASIJA, Individually and in his
official capacity,

      Defendant.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St. STE 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com

---

## **DEMAND FOR TRIAL BY JURY**

Plaintiff SUSAN LOCKE, by and through her attorneys, HURWITZ LAW PLLC, hereby demands a trial by jury of the issues in the above-captioned cause of action.

                                      /s/  *Noah S. Hurwitz*
                                      Noah S. Hurwitz (P74063)
                                      HURWITZ LAW PLLC
                                      *Attorney for Plaintiff*

Dated: May 01, 2025