UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN LOCKE,

Plaintiff,

v.

OAKLAND COUNTY, *et al*.,

Defendants.

Case No. 25-11262
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

## ORDER TO MEET AND CONFER

Plaintiff Susan Locke moved to compel Defendants to produce additional documents and more complete discovery responses.  ECF No. 16.  The Honorable Linda V. Parker referred the motion to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A).  ECF No. 17.  The Court instructs the parties to meet and confer about the issues raised in the motion to compel.  **The parties must carefully read and follow the rest of this Order**.

The Court will hold a hearing about plaintiff's motion to compel on **April 7, 2026, at 1:00 p.m**.  The parties **must meet and confer in good faith in person or by video** as required by E.D. Mich. LR 37.1.  Following the meeting, and by **April 1, 2026**, the parties must file **a joint list of**

**unresolved issues**.  This filing must list each unresolved discovery request, **verbatim**; followed by the original answer or objection, **verbatim**; followed by the requesting party's argument why the response was insufficient or why any objection is without merit; followed by answering party's argument why its response was sufficient or why any objection has merit.  For example:

> Interrogatory or request: [exact language]
>
> Original answer or objection: [exact language]
>
> Requesting party's argument:
>
> Responding party's argument:

**The parties' arguments must address relevance to a specific claim or defense, and the proportionality factors under Federal Rule of Civil Rule 26(b)(1).**  *See Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021) (describing the collective duty of the parties and courts to consider proportionality in resolving discovery disputes).  The Court will reject any argument that relies on the language of Rule 26(b)(1) before it was amended in 2015 or caselaw that interprets that outdated language.  *See Weidman v. Ford Motor Company*, No. CV 18-12719, 2021 WL 2349400, at *3 (E.D. Mich. June 9, 2021); *Cratty v. City of Wyandotte*, 296 F. Supp.3d. 854, 858 (E.D. Mich. Nov. 8, 2017).

A party requesting documents must describe each request with reasonable particularity.  Fed. R. Civ. P. 34(b)(1)(A).  A document request should not "call on the producing party to engage in a subjective guessing game of whether a document is responsive."  *United States v. Quicken Loans, Inc.*, No. 16-CV-14050, 2018 WL 7351682, at *1 (E.D. Mich. June 5, 2018).  Courts have long condemned omnibus "any and all" document requests. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 387-388 (2004) (document requests asking "for everything under the sky" were "anything but appropriate"); *Effyis, Inc. v. Kelly*, No. 18-13391, 2020 WL 4915559, at *2 (E.D. Mich. Aug. 21, 2020) (finding the defendant's exceptionally broad discovery requests violated Fed. R. Civ. P. 26(g)).

The rules also require objections to interrogatories and requests for production of documents to be made with specificity.  Fed. R. Civ. P. 33(b)(4) & 34(b)(2).  A party objecting to a request for production of documents as burdensome must support that objection with affidavits, other evidence, or enough information to allow the Court to make a common-sense judgment.  *In re Heparin Products Liab. Litig.*, 273 F.R.D. 399, 410-11 (N.D. Ohio 2011); *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743-44 (8th Cir. 2018).  The responding party is also warned, "Boilerplate objections are legally meaningless and amount to a waiver of an objection."

3

*Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209–10 (E.D. Mich. 2018).  And "a party cannot cloak its answers in without-waiving objections."  *Aprile Horse Transp., Inc. v. Prestige Delivery Sys., Inc.*, No. 5:13-CV-15-GNS-LLK, 2015 WL 4068457, at *3 (W.D. Ky. July 2, 2015).  In other words, "[a] party either objects to production or produces.  If it produces, the objections are generally deemed waived."  *Riley v. NewPenn Kilt, LLC*, No. 518CV00014TBRHBB, 2020 WL 59838, at *2 n.1 (W.D. Ky. Jan. 6, 2020).

The Court will not tolerate a party unilaterally and unreasonably deciding that requested discovery is not relevant or discoverable under proportionality based solely on its own litigation position.  *See Lucas v. Protective Life Ins. Co.*, No. CIV.A.4:08CV00059-JH, 2010 WL 569743, at *3 (W.D. Ky. Feb. 11, 2010) (rejecting argument that underwriting materials were not discoverable based upon the insurer's "unilateral decision that these other guidelines are not relevant to the claims and defenses in this action"); *Johnson v. Serenity Transp., Inc.,* No. 15-CV-02004-JSC, 2016 WL 6393521, at *2 (N.D. Cal. Oct. 28, 2016) ("A party cannot unilaterally decide that there has been enough discovery on a given topic.").

A responding party claiming privilege must provide a privilege log as described in Fed. R. Civ. P. 26(b)(5)(A)(ii).

4

Finally, the parties must engage informed, cooperative, and transparent discussions about the search for electronically stored information. *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 634 (E.D. Mich. 2021); *Lyman v. Ford Motor Co.*, 344 F.R.D. 228, 230 (E.D. Mich. 2023); *Powell v. Hackel*, No. 20-13318, 2022 WL 22628807, at *1 (E.D. Mich. Jan. 12, 2022).

**Defendant need not respond to the motion because, at the hearing, the Court will rely on the joint list of unresolved issues ordered above.  If the parties do not meaningfully meet and confer, or if the joint list of unresolved issues does not comply with this order, the Court will order the parties to repeat the meet-and-confer process.**

**If the parties resolve all issues raised by the motion, they must submit a stipulation and order to cancel the hearing.**

**IT IS SO ORDERED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 17, 2026

### <u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 17, 2026.

s/Davon Allen
DAVON ALLEN
Case Manager